UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Civil Case No.

KATHRYN KATES,

        Plaintiff,

   v.

SIGNATURE TITLE GROUP LLC,
GREGORY S. GEFEN P.A., and
VENTNOR "O" CONDOMINIUM
ASSOCIATION, INC.,

        Defendants.
_____/

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, by her attorney, Law Office of Dennis Grossman, complaining of defendants, alleges that:

### OVERVIEW AND JURISDICTIONAL ALLEGATIONS

1. This is a diversity action for breach of contract, breach of fiduciary duty, negligence, and interference with contractual relations arising out of defendants' improper addition of plaintiff's then-husband (and soon-to-be-ex-husband) Steven Lebetkin ("Lebetkin") to the title and deed of a condominium unit purchased by plaintiff in Broward County, Florida.

2. Defendants added Lebetkin to the title and deed without plaintiff's consent, authorization or permission, and in violation of defendants' contractual and fiduciary duties to plaintiff – despite defendants' knowledge, from all relevant documents, that plaintiff alone, and no one else, should have been named on the deed as owner of the condominium unit.

-1-

3.  Plaintiff purchased the condominium unit with her own personal funds, separate and apart from marital funds. Plaintiff's soon-to-be-ex-husband Lebetkin had no legal, equitable or other legitimate interest in the condominium unit. Nevertheless, defendants improperly placed Lebetkin's name on the deed to the condominium unit and/or designated Lebetkin as purchaser of the condominium unit, despite defendants' knowledge and obligation to the contrary.

4.  As a proximate result of defendants' improper and illegal actions placing Lebetkin's name on the deed to the condominium unit, plaintiff was forced to settle with Lebetkin concerning ownership of the condominium unit, proximately damaging plaintiff in an amount within the diversity jurisdiction of this Court, which plaintiff seeks to recover in this action.

5.  But for defendants' improper and illegal actions, placing Lebetkin's name on the deed to the condominium and/or designating Lebetkin as a purchaser of the condominium unit, plaintiff would not have been forced to settle with Lebetkin concerning ownership of the condominium unit in her divorce action against Lebetkin, and plaintiff would have been able to realize and enjoy the entire ownership value of the condominium unit, of which plaintiff has been deprived by defendants' improper and illegal actions, proximately damaging plaintiff in an amount plaintiff now seeks to recover.

6.  This action is within this Court's subject-matter jurisdiction by reason of diversity of citizenship and jurisdictional amount as follows:

7.  Plaintiff KATHRYN KATES is a citizen of the State of New York.

8.  Defendant SIGNATURE TITLE GROUP LLC is a limited liability company formed under the laws of the State of Florida, with its principal place of business in the

State of Florida, and all of whose member-owners are citizens either of one or more States other than the State of New York and/or of one or more foreign countries.

9. Defendant GREGORY S. GEFEN P.A. is a corporation organized under the laws of the State of Florida with its principal place of business located in the State of Florida.

10. Defendant VENTNOR "O" CONDOMINIUM ASSOCIATION, INC., is a corporation organized under the laws of the State of Florida with its principal place of business located in the State of Florida.

11. The amount in controversy between Plaintiff and Defendants exceeds the sum or value of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

12. This Court has jurisdiction over the subject matter of this action by reason of diversity of citizenship and jurisdictional amount pursuant to 28 U.S.C. § 1332(a).

13. The Civil Cover Sheet showing the diversity of citizenship is attached as exh.1.  The proposed Summonses are attached as exh.2.

## THE PARTIES

14. Plaintiff KATHRYN KATES ("plaintiff" or "KATES") is an individual who contracted to purchase, solely in her own name, a condominium unit in Deerfield Beach, Broward County, Florida.  KATES paid for the condominium unit with her own personal, non-marital funds, for her exclusive ownership under title in her name alone.  As shown below, defendants improperly and illegally caused the deed to the condominium unit to be recorded **not** solely in plaintiff's name **but rather** jointly in the names of plaintiff and her soon-to-be-ex-husband Lebetkin, damaging plaintiff for which plaintiff seeks recovery in this action.

-3-

15. Defendants SIGNATURE TITLE GROUP LLC, a Florida LLC ("SIGNATURE TITLE"), and GREGORY S. GEFEN P.A., a Florida professional corporation ("GEFEN"), are the entities with whom plaintiff KATES contracted to handle the closing of the condominium sale and to prepare and file the deed and other necessary documents for transfer of the ownership of the condominium unit.

16. Defendants SIGNATURE TITLE and GEFEN have a common owner and registered agent, operate from the same business premises at 1801 N. Military Trail, Suite 203, Boca Raton, Florida 33431, and function jointly in connection with real-estate transactions and closings and in connection with the preparation and filing of documents regarding the purchase and sale of real property.

17. As shown more fully below, defendants SIGNATURE TITLE and GEFEN breached their contractual, fiduciary and other duties to plaintiff, and acted negligently, in preparing and filing the deed improperly by including in the deed the name of Lebetkin as co-owner when, by contrast, plaintiff's agreement with defendants and all pre-transaction documents expressly provided that only plaintiff's name, and no other name(s), would be on the deed as purchaser and owner of the condominium unit.

18. Defendant VENTNOR "O" CONDOMINIUM ASSOCIATION, INC. ("VENTNOR"), is the condominium association to whom plaintiff applied for approval to purchase the condominium unit solely in plaintiff's name, and with whom plaintiff contracted to gain such approval either solely in plaintiff's name or not at all, and who nevertheless issued a written "approval" – without plaintiff's knowledge or consent – in the names of both plaintiff and Lebetkin, negligently and in breach of defendant VENTNOR's contractual and fiduciary duties to plaintiff.

## OPERATIVE FACTS

19. Plaintiff incorporates the allegations of paragraphs 1-18 of this Complaint.

20. Plaintiff is a self-employed actress who resides in New York and who in 2019 sought to purchase a home in Broward County, Florida.

21. In 2019 plaintiff was married to Lebetkin, but there were strains and difficulties in their marriage.

22. In furtherance of plaintiff's intent to purchase a home in Florida, while also protecting herself in light of the strains in her marriage, plaintiff sought to purchase solely in her own name, and not as co-owner with Lebetkin, the condominium unit known as 4045 Ventnor O, Deerfield Beach, Florida, in the Century Village Development in Deerfield Beach, Florida ("condominium unit").

23. Plaintiff contracted with defendants SIGNATURE TITLE and GEFEN to handle all aspects of her purchase of the condominium unit including the preparation of necessary documents for this purchase, including preparation and filing of the deed in plaintiff's name for ownership of the condominium unit.

24. All relevant documents of which plaintiff was aware prior to the deed ("pre-deed documents") showed that plaintiff alone – and no one else – was to be the purchaser and owner of the condominium unit. Defendants SIGNATURE TITLE and GEFEN also were aware of the pre-deed documents which provided that plaintiff alone was to be the purchaser and owner of the condominium unit. Indeed, defendants SIGNATURE TITLE and/or GEFEN prepared the pre-deed documents. These pre-deed documents were:

- The Contract of Sale provided that plaintiff alone was the purchaser of the condominium unit (exh.3, excerpt);

- The Settlement Statement for the Closing recited that plaintiff alone was the purchaser of the condominium unit (exh.4);

- The Title Insurance Policy recited that plaintiff alone was the purchaser of the condominium unit (exh.5);

- The Application to defendant VENTNOR for permission to purchase the condominium unit recited that plaintiff alone was the purchaser of the condominium unit (exh.6, excerpt);

- The Closing Affidavit by Seller recited that plaintiff alone was the purchaser of the condominium unit (exh.7);

- The Bill of Sale and Assignment recited that plaintiff alone was the purchaser of the condominium unit (exh.8);

- The IRS Residency Certification (Buyer's FIRPTA Affidavit) recited that plaintiff alone was the purchaser of the condominium unit (exh.9);

- The Closing Statement Addendum recited that plaintiff alone was the purchaser of the condominium unit (exh.10);

- The Florida Insurance Premium Disclosure Certification recited that plaintiff alone was the purchaser of the condominium unit (exh.11).

25. Defendant VENTNOR also was aware of one or more of these pre-deed documents – showing that plaintiff alone was the purchaser – as these pre-deed documents were submitted to defendant VENTNOR by plaintiff or others in connection with plaintiff's application to VENTNOR for permission to purchase the condominium unit.

26. In short, these pre-deed documents confirmed that plaintiff alone, and no one else, was to be the purchaser and owner of the condominium unit.

27. Consistent with these pre-deed documents, plaintiff alone paid the full purchase price for the condominium unit (no mortgage) from plaintiff's separate, personal, non-marital funds (exhs.3 & 4).

28. Consistent with these pre-deed documents, plaintiff alone paid all additional costs and expenses allocated to the purchaser at the closing of the condominium unit from plaintiff's separate, personal, non-marital funds (exh.4).

29. Notwithstanding all defendants' awareness from these pre-deed documents and from conversations with plaintiff that plaintiff alone, and no one else, was to be the purchaser and owner of the condominium unit – all of which defendants knew to be accurate – defendants then prepared contrary documents dispositive of ownership of the condominium unit which improperly showed that Lebetkin was a co-owner of the condominium unit, along with plaintiff, as follows:

    a. defendants SIGNATURE TITLE and GEFEN prepared and filed a deed which improperly recited that Lebetkin was a co-owner of the condominium unit, along with plaintiff (exh.12); and

b. defendant VENTNOR issued an "approval" which improperly recited that Lebetkin was to be a co-owner of the condominium unit, along with plaintiff (exh.13) (exhs.12 & 13 together are the "inaccurate ownership documents") –

– all in violation of defendants' contractual and fiduciary obligations to plaintiff, and in negligent disregard of defendants' duty to plaintiff, to issue ownership documents accurately in the name of plaintiff alone.

30.  Plaintiff was unaware of the inaccurate ownership documents prepared by defendants (exhs.12-13) until some months after the closing.

31.  In the interim, shortly after the closing, Lebetkin moved into the condominium unit, after which the marriage between plaintiff and Lebetkin became irretrievably broken.  Lebetkin announced he would not vacate the condominium unit because he was an "owner" and threatened plaintiff with legal action if plaintiff attempted to move into the condominium unit.

32.  Plaintiff and Lebetkin sued each other for divorce.  Plaintiff sued for divorce in New York.  Lebetkin sued for divorce in Florida.

33.  By reason of defendants' improper and illegal actions in placing the name of Lebetkin on the deed to the condominium unit (exh.12), and in "approving" Lebetkin as co-owner of the condominium unit (exh.13), plaintiff was forced to settle with Lebetkin concerning ownership of the condominium unit in plaintiff's divorce action, proximately damaging plaintiff.

34.  But for defendants' improper and illegal actions, placing the name of Lebetkin on the deed to the condominium unit (exh.12) and designating Lebetkin as a purchaser of the condominium unit (exh.13), plaintiff would not have been forced to settle with Lebetkin concerning ownership of the condominium unit in her divorce action

against Lebetkin, and plaintiff would have been able to realize and enjoy the entire ownership value of the condominium unit, of which plaintiff has been deprived by defendants' improper and illegal actions, proximately damaging plaintiff in the following amounts:

- + $165,000.00 representing the current fair market value of the condominium unit ($190,000.00) minus the amount plaintiff was reasonably able to gain from Lebetkin in settlement in plaintiff's divorce action ($25,000.00) in order to avoid protracted and costly divorce litigation in New York which otherwise would have dragged on for years at enormous and unreasonable expense,
- + $2,258.07 additional costs paid at closing by plaintiff, above and beyond the purchase price of the condominium unit (exh.4),
- + $3,000.00 moving expense (estimate),
- + $4,708.00 HOA payments by plaintiff concerning the condominium unit reasonably necessary to avoid an HOA foreclosure,
- + $869.00 liability and damage insurance premiums paid by plaintiff concerning the condominium unit reasonably necessary to avoid premises liability and damage exposure,
- + $2,214.00 utility expenses paid by plaintiff concerning the condominium unit reasonably necessary to maintain the premises,
- + $50,000.00 lost enjoyment of the premises =
- = $228,049.07 total damages suffered by plaintiff.

-10-

## COUNT 1
## AGAINST ALL DEFENDANTS
### (Breach of Contract)

35. Plaintiff incorporates the allegations of paragraphs 1-34 of this Complaint.

36. Plaintiff contracted with defendants SIGNATURE TITLE and GEFEN to handle all matters concerning the closing of the condominium unit in the name of plaintiff as sole purchaser and sole owner of the condominium unit including the purchase, transfer of title, and preparation of all relevant documents including preparation and filing of the deed to the condominium unit in plaintiff's name alone, as shown in the pre-deed documents (exhs.3-11).

37. Defendants SIGNATURE TITLE and GEFEN breached their contract with plaintiff by preparing and filing the deed to the condominium unit naming Lebetkin as co-owner of the condominium unit (exh.12) without plaintiff's knowledge, consent or authorization.

38. Plaintiff did not become aware of the falsified deed (exh.12) until some months after the closing.

39. Plaintiff contracted with defendant VENTNOR to consider and decide plaintiff's application to purchase the condominium unit in plaintiff's name alone or not at all (exh.6, excerpt).

40. Defendant VENTNOR breached its contract with plaintiff by issuing an "approval" for purchase of the condominium unit by both plaintiff and Lebetkin (exh.13) without plaintiff's knowledge, consent or authorization.

41. Plaintiff did not become aware of the falsified "approval" (exh.13) until some months after the closing.

42. By reason of defendants' breaches of their contract with plaintiff, plaintiff has been damaged in the amount $228,049.07 as set forth in detail in paragraph 34 above, for which the defendants are liable jointly and severally.

## COUNT 2
## AGAINST ALL DEFENDANTS
### (Breach of Fiduciary Duty)

43. Plaintiff incorporates the allegations of paragraphs 1-34 of this Complaint.

44. Plaintiff contracted with defendants SIGNATURE TITLE and GEFEN to handle all matters concerning the closing of the condominium unit in the name of plaintiff as sole purchaser and sole owner of the condominium unit including the purchase, transfer of title, and preparation of all relevant documents including preparation and filing of the deed to the condominium unit in plaintiff's name alone, as shown in the pre-deed documents (exhs.3-11).

45. Defendants SIGNATURE TITLE and GEFEN as title agent and/or attorneys were in positions of trust and confidence relating to plaintiff and owed a fiduciary duty to plaintiff to perform their duties and obligations in a manner consistent with their contracts and relationships with plaintiff.

46. Defendants SIGNATURE TITLE and GEFEN breached their fiduciary duties to plaintiff by preparing and filing the deed to the condominium unit naming Lebetkin as co-owner of the condominium unit (exh.12) without plaintiff's knowledge, consent or authorization.

47. Plaintiff did not become aware of the falsified deed (exh.12) until some months after the closing.

48. Plaintiff contracted with defendant VENTNOR to consider and decide plaintiff's application to purchase the condominium unit in plaintiff's name alone or not at all (exh.6, excerpt).

49. Defendant VENTNOR as condominium association for the condominium unit being purchased by plaintiff was in a position of trust and confidence relating to plaintiff and owed a fiduciary duty to plaintiff to perform its duties and obligations in a manner consistent with its contract and relationship with plaintiff.

50. Defendant VENTNOR breached its fiduciary duty to plaintiff by issuing an "approval" for purchase of the condominium unit by both plaintiff and Lebetkin (exh.13) without plaintiff's knowledge, consent or authorization.

51. Plaintiff did not become aware of the falsified "approval" (exh.13) until some months after the closing.

52. By reason of defendants' breaches of their fiduciary duties to plaintiff, plaintiff has been damaged in the amount $228,049.07 as set forth in detail in paragraph 34 above, for which the defendants are liable jointly and severally.

### COUNT 3
### AGAINST ALL DEFENDANTS
### (Negligence)

53. Plaintiff incorporates the allegations of paragraphs 1-34 of this Complaint.

54. Defendants SIGNATURE TITLE and GEFEN owed to plaintiff a duty of reasonable care concerning the closing of the condominium unit in the name of plaintiff as sole purchaser and sole owner of the condominium unit including a duty of reasonable care concerning the purchase, transfer of title, and preparation of all relevant documents including preparation and filing of the deed to the condominium unit in plaintiff's name alone, as shown in the pre-deed documents (exhs.3-11).

55. Defendants SIGNATURE TITLE and GEFEN knew, or reasonably should have known, that plaintiff was the sole purchaser of the condominium unit by reason of their conversations with plaintiff and by reason of the pre-deed documents of which these defendants were aware (exhs.3-11) which showed that plaintiff alone, and no one else, was the purchaser of the condominium unit.

56. In violation of their duty of reasonable care to plaintiff, defendants SIGNATURE TITLE and GEFEN acted negligently and unreasonably by preparing and filing the deed to the condominium unit which erroneously named Lebetkin as co-owner of the condominium unit along with plaintiff (exh.12) without plaintiff's knowledge, consent or authorization.

57. Defendant VENTNOR, as condominium association for the condominium unit being purchased by plaintiff, owed to plaintiff a duty of reasonable care concerning the issuance of an "approval" for purchase of the condominium unit in plaintiff's name alone, as shown in the pre-deed documents (exhs.3-11).

58. Defendant VENTNOR knew, or reasonably should have known, that plaintiff was the sole purchaser of the condominium unit by reason of its conversations with plaintiff and by reason of the pre-deed documents of which defendant VENTNOR was aware (exhs.3-11) which showed that plaintiff alone, and no one else, was the purchaser of the condominium unit.

59. In violation of its duty of reasonable care to plaintiff, defendant VENTNOR acted negligently and unreasonably by issuing the "approval" for purchase of the condominium unit erroneously in the names of plaintiff and Lebetkin jointly, rather than plaintiff alone, as owner of the condominium unit (exh.13) without plaintiff's knowledge, consent or authorization.

60. By reason of defendants' negligence, plaintiff has been damaged in the amount $228,049.07 as set forth in detail in paragraph 34 above, for which the defendants are liable jointly and severally.

### COUNT 4
### AGAINST ALL DEFENDANTS
### (Interference with Contractual Relations)

61. Plaintiff incorporates the allegations of paragraphs 1-34 of this Complaint.

62. All defendants were aware of plaintiff's contract with the seller of the condominium unit which specified that plaintiff alone, and no one else, was the purchaser and prospective owner of the condominium unit (exh.3).

63. All defendants also were aware of the other pre-deed documents which specified that plaintiff alone, and no one else, was the purchaser and prospective owner of the condominium unit (exhs.4-11).

64. Despite their knowledge, all defendants impaired and interfered with plaintiff's contractual rights under plaintiff's contract with the seller (exh.3).

65. Defendants SIGNATURE TITLE and GEFEN unreasonably and inaccurately prepared and filed a deed to the condominium unit which erroneously named Lebetkin and plaintiff as co-owners of the condominium unit (exh.12) without plaintiff's knowledge, consent or authorization.

66. Defendant VENTNOR unreasonably and inaccurately issued the "approval" for purchase of the condominium unit erroneously in the names of Lebetkin and plaintiff jointly as co-owners of the condominium unit (exh.13) without plaintiff's knowledge, consent or authorization.

67. By reason of defendants' interference with plaintiff's contractual rights under plaintiff's contract of sale with the seller of the condominium unit (exh.3), plaintiff has

been damaged in the amount $228,049.07 as set forth in detail in paragraph 34 above, for which the defendants are liable jointly and severally.

## **DEMAND FOR JURY TRIAL**

68.  Plaintiff demands a trial by jury in this action.

WHEREFORE plaintiff KATHRYN KATES demands judgment against defendants SIGNATURE TITLE GROUP LLC, GREGORY S. GEFEN P.A., and VENTNOR "O" CONDOMINIUM ASSOCIATION, INC., jointly and severally for the sum $228,049.07 plus interest at the statutory rate, plus the costs and attorneys fees incurred in the prosecution of this action, and all other relief which is just and appropriate.

Dated:  September 24, 2021

                                              LAW OFFICE OF DENNIS GROSSMAN
                                              Attorney for Plaintiff KATHRYN KATES

                                              by:  /s/ Dennis Grossman
                                                     Dennis Grossman
                                              6701 Sunset Drive (#104)
                                              Miami, Florida 33143
                                              (516) 466-6690
                                              dagrossmanlaw@aol.com
                                              Florida Bar No. 0841811